UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X

ANTHONY BERNATO

Plaintiff,

-against-

ARTHUR J. GALLAGHER & CO.

Defendant.

---------------------------------------------------X

Civil Action No. 15 CV 01544 (KBF)

**ANSWER and COUNTERCLAIMS OF ARTHUR J. GALLAGHER & CO.**

Defendant ARTHUR J. GALLAGHER & CO., ("Gallagher") by its attorneys MARIN GOODMAN LLP., as and for its Answer to the Plaintiff's Complaint, ("Complaint") respectfully states and alleges, upon information and belief:

1. Denies the allegations contained in Paragraph "1" of the Complaint and refer all questions of law to the Court.

2. Denies knowledge and information sufficient to form a belief as to each and every allegation contained in Paragraph "2" of the Complaint.

3. Denies the allegations contained in Paragraph "3" of the Complaint.

4. Denies the allegations contained in Paragraph "4" of the Complaint.

5. Denies the allegations contained in Paragraph "5" of the Complaint.

6. Denies the allegations contained in Paragraph "6" of the Complaint.

7. Denies the allegations contained in Paragraph "7" of the Complaint.

8. Denies the allegations contained in Paragraph "8" of the Complaint.

9. Denies the allegations contained in Paragraph "9" of the Complaint and refer all questions of law to the Court.

10. Denies the allegations contained in Paragraph "10" of the Complaint and refer all questions of law to the Court.

11. Denies the allegations contained in Paragraph "11" of the Complaint and refer all questions of law to the Court.

12. Denies the allegations contained in Paragraph "12" of the Complaint.

13. Denies the allegations contained in Paragraph "13" of the Complaint and refer all questions of law to the Court.

14. Denies the allegations contained in Paragraph "14" of the Complaint and refer all questions of law to the Court.

15. Denies the allegations contained in Paragraph "15" of the Complaint and refer all questions of law to the Court.

16. Denies the allegations contained in Paragraph "16" of the Complaint and refer all questions of law to the Court.

17. Denies the allegations contained in Paragraph "17" of the Complaint in the form alleged except admits that Hagedorn was acquired by Gallagher.

18. Denies in the form alleged each and every allegation set forth in Paragraph "18" of the Complaint.

19. Denies the allegations contained in Paragraph "19" of the Complaint and refer all questions of law to the Court.

20. Denies the allegations contained in Paragraph "20" of the Complaint and refer all questions of law to the Court.

21. Denies in the form alleged each and every allegation contained in Paragraph "21" of the Complaint.

22. Denies the allegations contained in Paragraph "22" of the Complaint.

23. Denies the allegations contained in Paragraph "23" of the Complaint.

24. Denies the allegations contained in Paragraph "24" of the Complaint.

25. Denies the allegations contained in Paragraph "25" of the Complaint.

26. Denies the allegations contained in Paragraph "26" of the Complaint.

27. Denies the allegations contained in Paragraph "27" of the Complaint.

28. Denies the allegations contained in Paragraph "28" of the Complaint.

29. Denies the allegations contained in Paragraph "29" of the Complaint.

30. Denies the allegations contained in Paragraph "30" of the Complaint.

31. Denies the allegations contained in Paragraph "31" of the Complaint.

32. Denies the allegations contained in Paragraph "32" of the Complaint.

33. Denies the allegations contained in Paragraph "33" of the Complaint and refer all questions of law to the Court.

**AS TO COUNT I**
**FRAUDULENT MISREPRESENTATION**
**INDUCING BERNATO TO ACCEPT EMPLOYMENT**

34. In response to Paragraph "34", the Defendant, repeats, reiterates and realleges each and every response contained in its responses to Paragraphs "1" through "33" in the Complaint, as though same were set forth at length herein.

35. Denies knowledge and information sufficient to form a belief as to each and every allegation contained in Paragraph "35" of the Complaint.

36. Denies the allegations contained in Paragraph "36" of the Complaint and refer all questions of law to the Court.

37. Denies the allegations contained in Paragraph "37" of the Complaint and refer all

questions of law to the Court.

38. Denies the allegations contained in Paragraph "38" of the Complaint and refer all questions of law to the Court.

39. Denies the allegations contained in Paragraph "39" of the Complaint and refer all questions of law to the Court.

40. Denies the allegations contained in Paragraph "40" of the Complaint and refer all questions of law to the Court.

**AS TO COUNT II**
**RETALIATION IN VIOLATION OF N.Y. Liab.L. §215**

41. In response to Paragraph "41", the Defendant, repeats, reiterates and realleges each and every response contained in its responses to Paragraphs "1" through "40" in the Complaint, as though same were set forth at length herein.

42. Denies the allegations contained in Paragraph "42" of the Complaint and refer all questions of law to the Court.

43. Denies the allegations contained in Paragraph "43" of the Complaint and refer all questions of law to the Court.

44. Denies the allegations contained in Paragraph "44" of the Complaint and refer all questions of law to the Court.

45. Denies the allegations contained in Paragraph "45" of the Complaint and refer all questions of law to the Court.

46. Denies the allegations contained in Paragraph "46" of the Complaint and refer all questions of law to the Court.

47. Denies the allegations contained in Paragraph "47" of the Complaint and refer all questions of law to the Court.

48. Denies the allegations contained in Paragraph "48" of the Complaint and refer all questions of law to the Court.

49. Denies the allegations contained in Paragraph "49" of the Complaint and refer all questions of law to the Court.

50. Denies the allegations contained in Paragraph "50" of the Complaint and refer all questions of law to the Court.

51. Denies the allegations contained in Paragraph "51" of the Complaint and refer all questions of law to the Court.

**AS TO COUNT III**
**BREACH OF CONTRACT**

52. In response to Paragraph "52", the Defendant, repeats, reiterates and realleges each and every response contained in its responses to Paragraphs "1" through "51" in the Complaint, as though same were set forth at length herein.

53. Denies the allegations contained in Paragraph "53" of the Complaint in the form alleged except admits that Defendant and Plaintiff Bernato entered into a valid employment contract and refers the meaning of the Contract to the Court.

54. Denies the allegations contained in Paragraph "54" of the Complaint and refer all questions of law to the Court.

55. Denies the allegations contained in Paragraph "55" of the Complaint and refer all questions of law to the Court.

56. Denies the allegations contained in Paragraph "56" of the Complaint and refer all questions of law to the Court.

57. Denies the allegations contained in Paragraph "57" of the Complaint and refer all questions of law to the Court.

58. Denies the allegations contained in Paragraph "58" of the Complaint.

59. Denies the allegations contained in Paragraph "59" of the Complaint.

60. Denies the allegations contained in Paragraph "60" of the Complaint and refer all questions of law to the Court.

61. Denies the allegations contained in Paragraph "61" of the Complaint and refer all questions of law to the Court.

**AS TO COUNT IV**
**UNJUST ENRICHMENT**

62. In response to Paragraph "62", the Defendant, repeats, reiterates and realleges each and every response contained in its responses to Paragraphs "1" through "61" in the Complaint, as though same were set forth at length herein.

63. Denies the allegations contained in Paragraph "63" of the Complaint and refer all questions of law to the Court.

64. Denies the allegations contained in Paragraph "64" of the Complaint and refer all questions of law to the Court.

65. Denies the allegations contained in Paragraph "65" of the Complaint and refer all questions of law to the Court.

66. Denies the allegations contained in Paragraph "66" of the Complaint and refer all questions of law to the Court.

67. Denies the allegations contained in Paragraph "67" of the Complaint and refer all questions of law to the Court.

68. Denies the allegations contained in Paragraph "68" of the Complaint and refer all questions of law to the Court.

**AS TO COUNT V**

**TORTIOUS INTERFERENCE WITH CONTRACT AND ADVANTAGEOUS BUSINESS RELATIONS**

69. In response to Paragraph "69", the Defendant, repeats, reiterates and realleges each and every response contained in its responses to Paragraphs "1" through "68" in the Complaint, as though same were set forth at length herein.

70. Denies knowledge and information sufficient to form a belief as to each and every allegation contained in Paragraph "70" of the Complaint.

71. Denies the allegations contained in Paragraph "70" of the Complaint and refer all questions of law to the Court.

72. Denies the allegations contained in Paragraph "71" of the Complaint and refer all questions of law to the Court.

**AS TO COUNT VI**
**PRIMA FACIE TORT**

73. In response to Paragraph "73", the Defendant, repeats, reiterates and realleges each and every response contained in its responses to Paragraphs "1" through "72" in the Complaint, as though same were set forth at length herein.

74. Denies the allegations contained in Paragraph "74" of the Complaint and refer all questions of law to the Court.

75. Denies the allegations contained in Paragraph "75" of the Complaint and refer all questions of law to the Court.

76. Denies the allegations contained in Paragraph "76" of the Complaint and refer all questions of law to the Court.

77. Denies the allegations contained in Paragraph "77" of the Complaint and refer all questions of law to the Court.

78. Denies the allegations contained in Paragraph "78" of the Complaint and refer all questions of law to the Court.

79. Denies the allegations contained in Paragraph "79" of the Complaint and refer all questions of law to the Court.

80. Denies the allegations contained in Paragraph "80" of the Complaint and refer all questions of law to the Court.

## AS TO COUNT VII
## UNPAID OVERTIME WAGES UNDER NYLL

81. Denies the allegations contained in Paragraph "81" of the Complaint and refer all questions of law to the Court.

82. Denies the allegations contained in Paragraph "82" of the Complaint and refer all questions of law to the Court.

83. Denies the allegations contained in Paragraph "83" of the Complaint and refer all questions of law to the Court.

84. Denies the allegations contained in Paragraph "84" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

85. Plaintiff's claims are barred by the doctrine of unclean hands.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

86. The Plaintiff's Complaint fails to state a cause of action upon which relief may be granted and should be dismissed.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

87. The Plaintiff's claims have not been stated with particularity and must be dismissed.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

88. Plaintiff's claims in the complaint are barred by his execution of a prior Separation Agreement and General Release.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

89. Bernato was an employee of non-party Hagedorn and his employment and compensation was dictated by his Executive Agreement with Hagedorn.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

90. Plaintiff was never an employee of Arthur J. Gallagher & Co. and not entitled to any compensation from Gallagher.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

91. On September 16, 2014 Gallagher acquired non-party Hagedorn, plaintiff's former employer. Bernato's claim is specifically excluded from Gallagher's purchase of Hagedorn. Hagedorn agreed to sell its assets to Gallagher and as part of the agreement and any claims brought by Plaintiff were specifically excluded from this the transaction. Hagedorn's assets, which included Plaintiff's employment contract and covenant not to compete, was part of the asset sale to Gallagher. As such, any claim Plaintiff may have arising out of employment with Hagedorn is appropriately directed at Hagedorn and not Arthur J. Gallagher.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

92. Defendant Arthur J. Gallagher is not an employer of Plaintiff Bernato within the meaning of NYLL.

## COUNTERCLAIMS

93. Gallagher is in the business of providing insurance brokerage services.

94. That on or about October 2008 Bernato was hired as an employee of Hagedorn, a company that provided insurance brokerage services.

95. That on or about November 3, 2008 Bernato executed a Confidentiality of Information Agreement and Covenant Not to Compete with Hagedorn prohibiting him from servicing and soliciting existing Hagedorn clients for a period of two years after his employment with the Company.

96. The Confidentiality of Information Agreement and Covenant Not to Compete dated November 3, 2008, provided the following:

> The Employee agrees that if Employee's employment with the Employer terminates for any reason whatsoever whether it be by either the act of the Employer or Employee, Employee covenants and agrees that for a period of two (2) years after such termination (the "Non-Compete Period"):
>
> (i) Employee shall not in any capacity or manner whatsoever either directly or indirectly solicit, sell to, divert, serve, accept or receive insurance agency, brokerage or consulting business from any customers, assureds or accounts.
>
> (ii) Employer recognizes its interest in the Employee as well as its interest in the customers and accounts developed or handled by Employee. Therefore, Employee may engage in an insurance brokerage business after termination of this agreement but may not under any circumstances solicit or accept any of the Employer's customers, assureds or accounts.
>
> (a) During Employee's employment and for a period of two (2) years after termination of his employment hereunder, Employee shall not solicit any person to leave the employ of Employer and shall not in any manner attempt to persuade any customer, supplier independent contractor, or other to discontinue its relationship with Employer.
>
> (b) Employee shall, at any time requested by Employer after the termination of this Agreement, promptly deliver to Employer all confidential memoranda, notes, reports, computer discs or tapes, lists and other documents (and all copies thereof) relating to the business of Employer which he/she may then possess or have under his/her control.
>
> (c) Employee agrees that the restrictions contained in Section B of this Agreement are necessary for the protection of Employer's business, and any breach of said Section B will cause Employer damage for which there may be no adequate remedy at law, and Employee consents to the issuance of an injunction in favor of Employer enjoining the breach of aforesaid covenant by any Court of competent jurisdiction if the Court rules

> Employee is in violation of said Section B restrictions. The provisions of this Section B (c) shall survive the expiration or termination of this Agreement, without regard to the reason.
>
> (d) Employee acknowledges that the restrictions contained in this Agreement are fair, reasonable and necessary for the protection of the legitimate business interests of Hagedorn and that Hagedorn will suffer irreparable harm in the event of any actual or threatened breach by Employee of paragraphs A and B of this agreement. Employee therefore consents to the entry of a restraining order, preliminary injunction or other court order to enforce those paragraphs and expressly waive any security that might otherwise be required in connection with such relief. Employee also agrees that any request for such relief by Hagedorn shall be in addition and without prejudice to any claim for liquidated or monetary damages which Hagedorm might elect to assert.

97. That on or about September 10, 2014, Bernato was notified that Hagedorn was being acquired by Arthur J. Gallagher & Co. and that Gallagher was not extending an offer of employment to Bernato.

98. That on or about September 10, 2014, Bernato Executed a Separation Agreement and General Release. In addition to releasing Hagedorn, its parent, affiliates, subsidiaries, divisions, predecessors, insurers, successors, assigns, partners, joint venturers and current and former employees/representatives of any and all claims, it was agreed upon by the parties in paragraph 21, that the Company's Confidentiality of Information Agreement and Covenant Not to Compete would remain in full force and effect.

99. That on or about September 16, 2014 Gallagher acquired Hagedorn.

100. As part of the sale of the company to Gallagher, Hagedorn agreed to sell its client accounts, which included accounts serviced by Bernato, to Gallagher. Hagedorn agreed to sell its assets to Gallagher and as part of the agreement, and any claims brought by Plaintiff were specifically excluded from this the transaction. Hagedorn's assets, which included Plaintiff's employment contract and covenant not to compete, were part of the asset sale to Gallagher. As

such, Gallagher asserts this claim pursuant to the terms of the covenant not to compete.

101. That on or about September 16, 2014 Hagedorn assigned any and all claims recoverable to Hagedorn as a result of Bernato violating his Employment/Covenant Not to Compete to Gallagher.

102. Upon information and belief, since his termination with Hagedorn, Bernato has serviced and continues to service former client Woodgate Village Condominium, Inc. an account that has generated over approximately fifty-thousand dollars ($50,000) per year in commission revenue for Hagedorn.

103. Upon information and belief, the Woodgate Village Condominium, Inc. account would have remained as a client if Bernato and his subsequent employer had not become the broker of record for the account.

104. As a result of Bernato's violation of his employment agreement and Separation Agreement, Gallagher has sustained damages in excess of one hundred thousand dollars ($100,000).

105. That Bernato was provided with a computer by Hagedorn.

106. That Bernato had access to confidential and proprietary Hagedorn information.

107. That, upon information and belief, Bernato utilized confidential information and client relationships he obtained as an employee at Hagedorn to acquire and service Woodgate Village Condominium, Inc. as a client.

108. It is unknown as this time whether Bernato has acquired Hagedorn/Gallagher clients in addition to the Woodgate Village Condominium, Inc. client.

109. At no time since Bernato was terminated from Hagedorn has he sought permission from either Hagedorn or Gallagher to directly or indirectly solicit, sell to, divert,

serve, accept or receive insurance agency brokerage or consulting business from any customers, assureds or accounts of Hagedorn/Gallagher.

110. At no time since Bernato was terminated from Hagedorn has he, either verbally or in writing, obtained permission from Hagedorn/Gallagher to solicit, sell to, divert, serve, accept or receive insurance agency brokerage or consulting business from any customers, assureds or accounts of Hagedorn/Gallagher.

111. At no time has Hagedorn/Gallagher sought action in Court or any other jurisdiction to invalidate or void the Agreements.

112. Upon information and belief, as a result of Plaintiff Bernato's material breach of the Agreements by acting individually and/or in concert with his current employer, Gallagher is entitled to specific and non-specific monetary damages.

113. Upon information and belief, as a result of the breach of the Agreements to date by Bernato, Gallagher has lost revenue from its existing customer Woodgate and is entitled to monetary damages in an amount to be determined by the trier of fact and law, as a result of this breach.

114. Upon information and belief, as a result of the breach of the Agreements from the date of service of this Answer to the date of trial, if Bernato continues to solicit existing customers and potential customers of Gallagher, it is anticipated that Gallagher will continue to lose revenue as a result of these actions and the continuing breach of the Agreements. Gallagher is entitled to monetary damages, in an amount to be determined by the trier of fact and law, as a result of this breach.

115. Upon information and belief, as a result of Bernato's continuous and willful violation of the Agreements in the use of trade secrets and confidential information of Hagedorn,

Gallagher has and will continue to suffer monetary damages, in an amount to determined by the trier of fact and law.

116. Upon information and belief, as a result of Bernato's continuous and willful violation of the Agreements, Gallagher is entitled to present and future value of the contracts secured by Bernato in violation of the Agreements in an amount to be determined by the Court, but for no less than one-hundred thousand dollars ($100,000).

**AS AND FOR A FIRST COUNTER CLAIM**
**BREACH OF CONTRACT**

117. Defendant Gallagher repeats and realleges all counter claim allegations and complaint denials and responses that were made in paragraphs "1" through "116" of this Answer.

118. Mr. Bernato's actions have breached the express provisions of the "Confidentiality of Information Agreement and Covenant Not to Compete", and "Separation Agreement and General Release".

119. Mr. Bernato's actions have damaged Gallagher in many ways, extents and amounts to be further ascertained. In addition, Mr. Bernato's actions have irreparably harmed and will continue to harm Gallagher in many ways and extents for which there is no adequate remedy at law.

120. Section 14 of the Confidentiality of Information Agreement and Covenant Not to Compete states, "In the event you breach any of your obligations under this Agreement, commence, join, or otherwise assert an action based on events related to your employment with or separation from the Company which is precluded by this Agreement, you will forgo the right to further payment under this Agreement, and the Company will be entitled to reasonable attorneys' fees, for prosecution or defense of the claim and any further relief as deemed appropriate by any court or other relevant tribunal."

121. Based upon Bernato's material breach of the Confidentiality of Information Agreement and Covenant Not to Compete, Gallagher is entitled to attorneys' fees and costs associated with the filing of this action and the enforcement of the Confidentiality of Information Agreement and Covenant Not to Compete.

122. Based upon Bernato's material breach of the Confidentiality of Information Agreement and Covenant Not to Compete, Gallagher is entitled to damages.

**AS AND FOR A SECOND COUNTERCLAIM**
**TORTIOUS INTERFERENCE WITH CONTRACT**

123. Defendant Gallagher repeats and realleges all counter claim allegations, complaint denials and responses that were made in paragraphs "1" through "122" of this Answer.

124. Gallagher's predecessor Hagedorn had existing contractual relationships with various clients, including but not limited to Woodgate Condominium, prior to the date that Bernato was terminated from Hagedorn.

125. Upon information and belief, Bernato was personally aware that these contracts existed.

126. Upon information and belief, Bernato was personally aware that these contracts would continue after the date of his termination from Hagedorn.

127. Upon information and belief, Bernato has deliberately interfered with these contractual relationships since his termination from Hagedorn.

128. Upon information and belief, Bernato used unlawful, improper and wrongful means to convince third parties to breach their contracts with plaintiffs.

129. Upon information and belief, Bernato improperly used confidential and/or proprietary information acquired as an employee of Hagedorn to facilitate the transfer of broker of record designation of Woodgate Village from Hagedorn to his new employer.

130. Upon information and belief, since the date that Bernato was terminated, he has directly or indirectly solicited, sold, diverted, serviced, accepted or received insurance agency brokerage or consulting business from Hagedorn/Gallagher customers, specifically Woodgate Condominium in violation of his Confidentiality of Information Agreement and Covenant Not to Compete.

131. As a result of Bernato's actions, Gallagher has suffered damages. The extent of these damages cannot be fixed at this time and must be determined by the Court and the jury at the time of trial.

WHEREFORE, Defenant Gallagher prays for the following relief:

a. An order dismissing Plaintiff's complaint in its entirety;
b. An order of Judgment in favor of Defendant Gallagher as to its First and Second Counterclaims against Bernato of not less than $100,000;
c. An Award of any other legal and equitable relief as this Court may deem just and appropriate including but not limited to Gallagher's right to recover legal fees from Plaintiff Bernato in connection with Gallagher's prosecution of its counterclaims and defense of the Action filed by Plaintiff pursuant to the terms of the Agreements.

Dated: Harrison, New York
April 15, 2015

Yours, etc.
MARIN GOODMAN LLP

By: ______________________
Paul Josephs, Esq. (9910)
500 Mamaroneck Avenue, Suite 501
Harrison, New York 10528
(212) 661-1151(t)
(212) 661-1141(f)
pjosephs@maringoodman.com
Attorneys for Defendant
Arthur J. Gallagher & Co.

Dale J. Morgado, Esq.
Morgado PA
263 Tresser Blvd., Suite 952
Stamford, Connecticut 06901
(855) 899-9121 (t)
(855) 499-9191(f)
djm@morgado.us
Attorney for Plaintiff

0000132352M038